**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Jose Pelayo,<br><br>    Petitioner,<br><br>vs.<br><br>State of Arizona; et al.,<br><br>    Respondents. | CV 18-01326-PHX-RM (LAB)<br><br>**REPORT AND RECOMMENDATION** |

      Pending before the court is an amended petition for writ of habeas corpus filed in this court on June 4, 2018, by Manuel Jose Pelayo, an inmate currently held in the Arizona State Prison Complex in Florence, Arizona. (Doc. 5)

      Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

      The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition. All of Pelayo's claims are procedurally defaulted.

Summary of the Case

      Pelayo was convicted after a jury trial of two counts of Aggravated Driving While Under the Influence of Intoxicating Liquor. (Doc. 12-1, p. 15) The state presented evidence at trial that Pelayo drove his friend's Dodge through a red light and hit a white truck while under the influence of alcohol. (Doc. 12-2, pp. 92-93) Pelayo was arrested at the scene, despite his statements that he did not know what happened and was not driving. (Doc. 12-2, pp. 26-27)

After he was found guilty on both counts, a second trial was held to determine prior felony convictions. (Doc. 12-2, p. 93) At that trial, it was established that Pelayo previously had been convicted of DUI (driving while under the influence) offenses in 1999, 2000, and 2002. (Doc. 12-2, p. 93) The trial court sentenced Pelayo to two concurrent 10-year terms of imprisonment. (Doc. 12-1, p. 20)

On direct appeal, appellate counsel reported that he was unable to find any colorable issues. (Doc. 12-1, p. 62) Pelayo was permitted to file a pro se supplemental brief in which he argued generally that trial counsel and appellate counsel were ineffective and the court should review the record for fundamental error. (Doc. 12-2, pp. 2-18) The Arizona Court of Appeals refused to address the ineffective assistance claims because the Arizona Rules of Criminal Procedure require that they be brought in a post-conviction relief proceeding. (Doc. 12-2, p. 27) The court examined the record for reversible error and found none. (Doc. 12-2, p. 28)

Pelayo filed notice of post-conviction relief on June 8, 2015. (Doc. 12-2, p. 32) After the court granted Pelayo's motion that appointed counsel be dismissed, he filed a petition pro se on February 16, 2016. (Doc. 12-2, p. 42); (Doc. 12-2, p. 44) He argued that (1) the trial court erred by not granting a mistrial when Officer Powers gave testimony that was subsequently stricken by the court as hearsay, which tended to prove that Pelayo was the driver of the car that caused the accident, (2) appellate counsel was ineffective in her handling of the mistrial issue, (3) the state failed to prove he was the driver of the car that caused the accident, and (4) appellate counsel was ineffective for failing to raise this issue too. (Doc. 12-2, pp. 44-55) The trial court denied the petition explaining that a mistrial was unnecessary because the testimony was stricken from the record and the jury was given a curative instruction. (Doc. 12-2, p. 104) In his petition for review, Pelayo claimed (1) the trial court erred by not granting a mistrial, (2) the state did not prove that Pelayo was the driver, and (3) appellate counsel failed to raise these two issues. (Doc. 12-2, pp. 109-118) The Arizona Court of Appeals granted review but denied relief on October 10, 2017. (Doc. 12-2, pp. 158-159)

Pelayo filed a petition for writ of habeas corpus in this court on April 30, 2018. (Doc. 1) He filed an amended petition on June 4, 2018. (Doc. 5) In that petition, he claims that (1)

the jury was improperly instructed, the trial court did not correct errors, the trial court improperly allowed prior convictions to affect the sentence, witnesses were not made available, and evidence was suppressed; (2) the blood samples were improperly tested, the arresting officer falsified witness statements, and the state withheld and suppressed evidence; (3) trial counsel was improperly prepared and the court interfered with defense counsel's ability to present a defense; and (4) the jury was prejudiced by the *Willits*[1] instruction given after they were exposed to hearsay testimony and the jury was denied the ability to ask questions. (Doc. 5) He states in his amended petition that all of his issues were raised on direct appeal. *Id.*

The respondents filed an answer on September 18, 2018 in which they argue that all of Pelayo's claims are procedurally defaulted. (Doc. 12)

This court subsequently issued an order setting a deadline for Pelayo to file a reply and further instructing him that

> any assertions in the reply that Petitioner's claims were fairly presented to the state appellate courts shall be supported by specific references to the location of the presentation of the claim, *i.e.* by document name, date of filing with the state court, exhibit number/letter in the record of this proceeding, page(s)/ line number(s) (*e.g.* "Petition for Review, filed 1/1/15, Exhibit A, at 1/17 – 2/23").

(Doc. 13, p. 1)

Pelayo filed a reply on October 11, 2018. (Doc. 14) He argues generally that having filed a direct appeal and a Rule 32 post-conviction relief petition "the State of Arizona has been given two (2) opportunities to correct their mistakes." (Doc. 14, p. 2) He does not direct the court to any specific location in the record where his claims were fairly presented. (Doc. 14)

Discussion

The writ of habeas corpus affords relief to persons in state custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas

---

[1] A *Willits* instruction is given when "the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused and there was resulting prejudice." *Simmons v. Arizona, State of*, 2015 WL 1405431, at *8 (D. Ariz. 2015).

1 review, however, is limited to those claims for which the petitioner has already sought redress
2 in the state courts. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Id.*

In addition, the petitioner must explicitly alert the state court that he is raising a *federal* constitutional claim. *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the Arizona Court of Appeals for review. *Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

Procedural default also occurs if the claim was not presented to the state court and it is clear the state would raise a procedural bar if it were presented now. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and is not excused, the claim should be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." *Franklin*, 290 F.3d at 1231.

Discussion

In their answer, the respondents argue that none of Pelayo's claims were properly exhausted and they are now procedurally defaulted. They are correct. Pelayo did not properly raise any of his claims before the Arizona Court of Appeals. And he is precluded from returning to state court and presenting them now. *See* Ariz.R.Crim.P. 32.2(a), 32.4(a). They are procedurally defaulted. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

Claims (1), (2), and (4) were never presented to the Arizona Court of Appeals. *See* (Doc. 12-2, pp. 2-17) (direct appeal); (Doc. 12-2, pp. 109-118) (petition for review) One could argue that the ineffective assistance allegation in Claim (3) was raised, in some form, in Pelayo's direct appeal. The court of appeals, however, refused to address that claim on the merits because an ineffective assistance of counsel claim may not be presented on direct appeal. (Doc. 12-2, pp. 27 -28) It must be presented in a post-conviction relief proceeding. *Id.*; *State v. Spreitz*, 202 Ariz. 1, 3, 39 P.3d 525, 527 (2002) ("Any [ineffective assistance of counsel claims] improvidently raised in a direct appeal, henceforth, will not be addressed by appellate courts regardless of merit."). Raising the claim on direct appeal does not comply with state

procedural requirements and therefore does not constitute proper exhaustion. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060, (1989) (Raising a claim "in a procedural context in which its merits will not be considered unless there are special and important reasons therefor . . . does not, for the relevant purpose, constitute fair presentation.") (punctuation modified); *Kellotat v. Cupp*, 719 F.2d 1027, 1030-31 (9th Cir. 1983) (Claim that petitioner was improperly denied appointed counsel was not properly exhausted because it was presented on direct appeal instead of in a petition for post-conviction review.).

In his reply, Pelayo maintains that he has already brought a post-conviction relief proceeding, and therefore he has "exhausted" all available means of redress at the state level. (Doc. 14) Pelayo has indeed exhausted this remedy in the sense that he has availed himself of a procedural vehicle that the state provides for redress of legal error. But when he filed his petition, he did not raise the issues he now brings in this court. Accordingly, he did not properly exhaust the *claims* he presents in his pending amended petition. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). They are now procedurally defaulted.

Pelayo further argues that the State of Arizona had an opportunity to correct its errors but failed to do so. (Doc. 14) He seems to be arguing that all of his issues are implicitly exhausted because the Arizona Court of Appeals reviewed the record for fundamental error on direct appeal. (Doc. 14) He is incorrect. The appellate court's review of the record for fundamental error does not constitute proper exhaustion. *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the petition for writ of habeas corpus. All claims are procedurally defaulted.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not

timely filed, they may be deemed waived.  The Local Rules permit a response to an objection. They do not permit a reply to a response without the explicit permission of the District Court.

DATED this 27th day of November, 2018.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge