# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Manuel Jose Pelayo,

    Petitioner,

v.

State of Arizona, et al.,

    Respondents.

No. CV-18-01326-PHX-RM

**ORDER**

Pending before the Court is Petitioner Manuel Jose Pelayo's pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 5.) On November 27, 2018, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation, recommending that the § 2254 Petition be denied because all of Petitioner's claims are procedurally defaulted. (Doc. 18.) Petitioner filed an Objection (Doc. 19), to which Respondents filed a Reply (Doc. 22).

## I. State Proceedings

Petitioner was convicted following a jury trial of two counts of aggravated driving while under the influence and sentenced to concurrent 10-year terms of imprisonment. (Doc. 12-1 at 15, 20.) The Arizona Court of Appeals summarized the evidence presented at Petitioner's trial as follows:[1]

> [I]n February 2013, R.S. was in the area of 51st Avenue and Northern, traveling northbound. A truck was traveling southbound through the intersection when R.S. saw a white Dodge, traveling east, run a red light and

---
[1] The state court's factual findings are entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254(e)(1).

> hit the white truck. R.S. testified that he saw a Hispanic male, medium build, about five-nine or ten, get out of the driver's door of the white Dodge.
>
> A Glendale Police Officer (Officer) arrived at the scene shortly after the incident. R.S. identified Pelayo as the driver of the white Dodge. Officer then approached Pelayo, noting that Pelayo was swaying and had an odor of alcohol on him. Furthermore, Officer noted that Pelayo's eyes were bloodshot and watery, and [that he was] slurring his speech, consistent with impairment.
>
> Officer asked Pelayo what happened, and Pelayo responded that he did not know and that he was not driving. Pelayo also told Officer that the car belonged to his friend and handed Officer his Arizona identification card from which Officer learned that Pelayo's privilege to drive had been revoked. This was confirmed by the deputy custodian of records with the Motor Vehicle Division (MVD) who testified that Pelayo's driving privileges were revoked and suspended on the day of the accident. The deputy custodian of records testified that Pelayo had been sent multiple notices that his privilege to drive had been suspended or revoked. There was evidence that multiple letters had been mailed to Pelyao's [sic] most current address on file with the MVD.
>
> Pelayo refused to perform field sobriety tests and was placed under arrest. Pelayo's blood was drawn at 9:10 in the morning, within two hours of the accident. Testing by the Arizona Department of Public Safety Crime Lab in Phoenix found that the blood alcohol concentration of Pelayo's blood was 0.296, over three times the legal limit.

(*Id.* at 26-27.)

Petitioner appealed his convictions and sentences. (*Id.* at 25-27.) Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising the Arizona Court of Appeals that he had reviewed the entire record and had failed to find any colorable issues to raise. (*Id.* at 33-62.) Petitioner thereafter filed a pro se supplemental brief, arguing ineffective assistance of trial and appellate counsel. (Doc. 12-2 at 2-23.) The Arizona Court of Appeals affirmed Petitioner's convictions and sentences, finding no reversible error in the record and declining to consider Petitioner's ineffective-assistance-of-counsel claims because such claims must be brought in post-conviction relief proceedings rather than on direct appeal. (*Id.* at 25-28.)

Petitioner thereafter initiated post-conviction relief proceedings. (*Id.* at 32-34.) He was appointed post-conviction counsel, but he instead elected to proceed pro se. (*Id.* at 36-37, 39-40, 42.) In his pro se post-conviction relief petition, Petitioner argued that the trial court erred by failing to grant a mistrial, that the prosecution presented insufficient

evidence to prove he was driving the white Dodge, and that his appellate counsel was ineffective for failing to raise these issues. (Doc. 12-2 at 44-78.) The post-conviction court denied the petition, finding that defense counsel was not ineffective and that the trial court did not err in refusing to declare a mistrial. (Doc. 12-2 at 104.) The court also referred to the Court of Appeals' decision affirming Petitioner's convictions, in which the Court of Appeals had held that the convictions were supported by the evidence presented at trial. (*Id.* at 28, 104.)

Petitioner filed a petition for review of the denial of post-conviction relief, raising the same claims concerning denial of a mistrial, insufficient evidence, and ineffective assistance of appellate counsel. (Doc. 12-2 at 109-156.) The Arizona Court of Appeals granted review but denied relief, finding that the post-conviction court did not abuse its discretion. (Doc. 12-2 at 158-159.)

## II.     Report and Recommendation

In each of the four claims presented in his § 2254 Petition, Petitioner asserts violations of the 4th, 5th, 6th, and 14th Amendments to the United States Constitution. (Doc. 5 at 6-9.) Petitioner alleges that these violations stemmed from judicial malice (Claim 1), a lack of evidence (Claim 2), ineffective assistance of counsel (Claim 3), and tampering with a jury (Claim 4). (*Id.*) In support of Claim 1, Petitioner alleges that the jury in his case was improperly instructed, that the trial court failed to correct errors and erroneously allowed prior convictions to affect Petitioner's sentence, that witnesses were not made available, and that evidence relevant to Petitioner's innocence was withheld and suppressed. (*Id.* at 6.) In support of Claim 2, Petitioner alleges that blood samples were improperly tested, that the arresting officer falsified witness statements, that Petitioner was denied the right to face accusers, and that evidence was withheld and suppressed. (*Id.* at 7.) In support of Claim 3, Petitioner alleges that his trial attorney was improperly prepared and that the trial court interfered with his attorney's ability to make independent decisions regarding how to conduct a defense. (*Id.* at 8.) In support of Claim 4, Petitioner alleges that the jury was prejudiced by an instruction given after the jury was exposed to hearsay

testimony, and that the jury was denied the ability to ask Petitioner questions. (*Id.* at 9.)

In her Report and Recommendation, Judge Bowman found that none of Petitioner's claims were properly exhausted and that they are procedurally defaulted because Petitioner is now precluded by state procedural rules from returning to state court to present them. (Doc. 18 at 5.) Specifically, Judge Bowman found that Petitioner failed to present Claims 1, 2, and 4 to the Arizona Court of Appeals and that, although Petitioner arguably presented Claim 3 in his direct appeal, he did not properly exhaust the claim because Arizona requires ineffective-assistance-of-counsel claims to be raised in post-conviction relief proceedings rather than on direct appeal. (*Id.* at 5-6.)

### III. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.* The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

### IV. Discussion

In his Objection, Petitioner argues that he presented his claims to the Arizona Court of Appeals. (Doc. 19 at 4-6.) He also asks the Court to correct a fundamental miscarriage of justice. (*Id.*) In support of his Objection, he refers to an attached "supplemental brief." The attachment to Petitioner's Objection contains an incomplete copy of the pro se supplemental brief that Petitioner filed during his direct appeal (*compare id.* at 9-18, *with*

- 4 -

Doc. 12-2 at 2-23) and what appears to be a letter to Petitioner's appellate counsel, dated August 27, 2014 (Doc. 19 at 19-52.)

Because Petitioner filed his § 2254 Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this case is governed by AEDPA. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). A § 2254 petition subject to AEDPA generally cannot be granted unless the petitioner has exhausted all available state-court remedies. *See* 28 U.S.C. § 2254(b)(1); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust state-court remedies, the petitioner must "fairly present[]" his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is fairly presented if the petitioner has described the operative facts and the federal legal theory on which the claim is based. *See Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

A claim is procedurally defaulted if it was rejected by the state courts based on "independent" and "adequate" state procedural grounds, *Coleman*, 501 U.S. at 729-32, or if it is unexhausted and "state procedural rules would now bar the petitioner from bringing the claim in state court," *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc). Federal review of procedurally defaulted claims is barred unless the habeas petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To establish that a fundamental miscarriage of justice would occur if a claim were not heard on the merits in federal court, a petitioner must demonstrate that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Petitioner's Objection fails to show that Claims 1, 2, and 4 were properly exhausted. Petitioner attaches an excerpt of his state-court supplemental appellate brief to his Objection, but he did not raise Claims 1, 2, and 4 in that supplemental brief. Furthermore, although the supplemental brief references Petitioner's letter dated August 27, 2014 (Doc.

12-2 at 10), Petitioner has not shown that the letter was attached to the brief or otherwise presented to the Arizona Court of Appeals. As Judge Bowman noted in her Report and Recommendation, the Arizona Court of Appeals' review for fundamental error on direct appeal does not prevent procedural preclusion of Petitioner's claims. *See Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996). Judge Bowman correctly found that Claims 1, 2, and 4 are procedurally defaulted.

Judge Bowman also correctly found that Petitioner did not properly exhaust his ineffective-assistance-of-trial-counsel claim by raising it in his direct appeal, because Arizona requires ineffective-assistance-of-counsel claims to be raised in post-conviction relief proceedings. The post-conviction court appears to have interpreted Petitioner's pro se post-conviction relief petition as raising a generic ineffective-assistance-of-trial-counsel claim. In his petition for review, Petitioner argued that the post-conviction court's ruling had no bearing upon the issues raised in his petition for post-conviction relief because in that petition he raised ineffective-assistance claims against *appellate* counsel. (Doc. 12-2 at 111.) The Court agrees that Petitioner raised only claims of ineffective assistance of *appellate* counsel in his post-conviction relief petition and petition for review. But even assuming that Petitioner raised a generic ineffective-assistance-of-trial-counsel claim during his post-conviction relief proceedings in state court, he did not plead the claim with the requisite level of specificity. "[P]etitioners must plead their claims with considerable specificity before the state courts in order to satisfy the exhaustion requirement." *Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005). To properly exhaust an ineffective-assistance-of-counsel claim, a petitioner must present each specific allegation of deficient performance to the state courts. *See Carriger v. Lewis*, 971 F.2d 329, 333-34 (9th Cir. 1992) (en banc). The Court agrees with Judge Bowman that Claim 3 is procedurally defaulted.

Petitioner does not argue that he has shown cause and prejudice to overcome the procedural default of his claims. However, the Court recognizes that Petitioner proceeded pro se during his post-conviction relief proceedings and that he cites to *Martinez v. Ryan*,

566 U.S. 1 (2012) in his Objection. (Doc. 19 at 2.) In *Martinez*, the Supreme Court established an equitable exception to the general rule that ineffective assistance of state post-conviction counsel cannot establish cause to excuse a procedural default. *See* 566 U.S. at 14; *see also Coleman*, 501 U.S. at 752-54. Assuming that *Martinez* applies when a state prisoner was appointed post-conviction counsel but elected to instead proceed pro se during his initial-review collateral proceeding, Petitioner nevertheless cannot show cause pursuant to *Martinez* because he has not shown that his ineffective-assistance-of-trial-counsel claim is substantial. *See Trevino v. Thaler*, 569 U.S. 413, 423 (2013); *Martinez*, 566 U.S. at 14.

Petitioner references a miscarriage of justice in his Objection, but he has not shown that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup*, 513 U.S. at 326-27 (quoting *Carrier*, 477 U.S. at 496).

Judge Bowman correctly found that all of Petitioner's claims are procedurally defaulted. Petitioner has failed to show cause and prejudice or a miscarriage of justice to excuse the procedural default. Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Doc. 19) is **overruled**, and Judge Bowman's Report and Recommendation (Doc. 18) is **accepted and adopted**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) is **denied**. The Clerk of Court is directed to enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1     **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 8th day of March, 2019.

_____
Honorable Rosemary Márquez
United States District Judge